**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JASON GARNETT** )<br><br>**Plaintiff,** )<br><br>**vs.** ) | **Case No.   25-cv-2165-RJD** |

**JASON GARNETT** )
)
**Plaintiff,** )
)
**vs.** )   **Case No.   25-cv-2165-RJD**
)
**ILLINOIS DEPARTMENT OF** )
**CORRECTIONS,** )
)
**Defendants.**

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Vacate the Clerk's Entry of Default filed by Defendant Illinois Department of Corrections ("IDOC").  Doc. 15.  Plaintiff filed suit against IDOC (his former employer) on December 9, 2025 and served IDOC on January 14, 2026.  Docs. 1, 12-1.   Plaintiff alleges that the IDOC discriminated against him on the basis of his race, and also retaliated against him for reporting discrimination.  On February 11, 2026, Plaintiff moved the Court for a Clerk's Entry of Default; the Clerk of Court made an Entry of Default on February 13, 2026.  Docs. 12, 13.  Five days later, counsel appeared on behalf of the IDOC and moved to vacate the Entry of Default.

An entry of default may be vacated if Defendant can establish "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).  Here, the IDOC explains that good cause exists for the default because a "significant conflict of representation issue" had to be resolved before counsel from the Office of the Attorney General ("OAG") could enter on its behalf, as the OAG currently (and previously) represented Plaintiff in

"numerous civil ligation matters." Doc. 15. Regarding "quick action to correct" the default, counsel for Defendant entered within one week after it was entered. Defendant contends that it has meritorious defenses to the Complaint because neither Plaintiff's race nor complaints that he made about discrimination were motivating factors in the employment actions taken by IDOC. *Id*.

The Court notes that Plaintiff has no objection to the Motion to Vacate the Entry of Default. Defendant has adequately addressed the factors necessary for vacating the Entry of Default. The Motion to Vacate the Clerk's Entry of Default is GRANTED. Defendant also requests additional time to file an Answer, and Plaintiff has no objection. Doc. 16. Defendant shall answer or otherwise respond to Plaintiff's Complaint on or before June 22, 2026.

**IT IS SO ORDERED.**

**DATED: June 1, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**